## J. E. DOWNING v. SARAH A. AUSTIN.

**Innocent Purchaser.**

> An innocent purchaser, acquiring the legal title without notice of the fraud of his vendor or the equity of the party who is seeking to recover the land, will be protected in his title.

### APPEAL FROM MASON CIRCUIT COURT.

October 25, 1877.

OPINION BY JUDGE PRYOR:

An innocent purchaser, acquiring the legal title without notice of the fraud of his vendor or the equity of the party who is seeking to recover the land, will be protected in his title. He is not made a mala fide purchaser, although his vendor may have been. In this case the appellee, when she sued the appellant, was invested with the legal title to the land in controversy, and not only so, but she obtained it by a judgment of the chancellor in an action to which the infant was made a party. In such a case it matters not what claim the infant may assert as against her mother for opening the judgment; it cannot affect the appellant unless notice of the equity of the infant is brought home to him. The mere fact that the infant has the right within twelve months after arriving at age to show cause against the judgment constitutes no equity against bona fide purchasers. The only remedy would be against the mother to recover the money.

In decretal sales of infant's real estate the title passes to the purchaser, where the court has jurisdiction of the parties and the subject-matter, and in such cases the rights of the bona fide purchaser will be protected as against the infant. In the present case there is no defense made to the recovery. The only allegation is that the relatives of the infant are threatening to have the proceeding reviewed in which the latter recovered the land or obtained the deed, and that the infant has twelve months after arriving at age to institute such a proceeding. No fact is stated showing any equity on the part of the infant, or any reason that would induce the chancellor to annul the deed to the mother. If the infant has any equity it has inured to the appellant. It is alleged that all the proceedings were regular and proper, and no state of facts whatever are presented, upon which the chancellor could grant any relief to the infant as against her mother. The judgment must be *affirmed* with damages. *Hardin's Ex'rs v. Harrington,* 11 Bush 367.

*E. C. Phister, for appellant.    Wadsworth & Son, for appellee.*